## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY JUCHA, d/b/a | ) | |
| 4 ANCHORS TATTOO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CITY OF NORTH CHICAGO, ILLINOIS, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES AND ATTORNEY'S FEES

COMES NOW Plaintiff, JEFFREY JUCHA d/b/a 4 ANCHORS TATTOO, by and through LAW FIRM OF DAVID G. SIGALE, P.C., his attorney, and complaining about the Defendant, CITY OF NORTH CHICAGO, ILLINOIS, a municipal corporation, states and alleges as follows:

## PRELIMINARY STATEMENT

1.     Jucha brings his claims against the Defendant seeking declaratory and equitable relief, as well as recovery of his lost profits, damages, and other relief under, *inter alia*, 42 U.S.C. § 1983, 42 U.S.C. § 1988, *et seq.*, the First and Fourteenth Amendments to the United States Constitution, and the Illinois Constitution, as the result of the improper and unconstitutional denial of a business license to open and operate a body art establishment, from where Plaintiff would perform tattooing and body piercing as an exercise of the freedoms of speech and

expression. As a result, Plaintiff has suffered violations of his constitutional rights, as well as monetary damages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, 42 U.S.C. § 1983, and pendant jurisdiction under 28 U.S.C. § 1367 to hear claims for Defendant's violations of Sections 2 and 4 of Article 1 and Section 7 of Article 7 of the Illinois Constitution of 1970.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391, as the acts complained of occurred in this District.

## PARTIES

4. Plaintiff, JEFFREY JUCHA (hereinafter "Jucha") is the sole proprietor of 4 Anchors Tattoo, which sought and was denied permission to operate in the City. Jucha is also the sole proprietor of 4 Aces Tattoo and Body Piecing in Franklin Park, Illinois. Jucha wishes to operate the 4 Anchors Tattoo studio from which it will disseminate expressive body art in the form of the tattoos and body piercings it sells and applies to its customers, which contains matters of speech and expression which are protected by the First Amendment to the United States Constitution.

5. Defendant, CITY OF NORTH CHICAGO, ILLINOIS (hereinafter "City") is a municipal entity organized under the Constitution and laws of the State of Illinois.

## STATEMENT OF FACTS

6.     Jucha wishes to open the 4 Anchors Tattoo body art studio at 2314 Green Bay Road, Unit #3, North Chicago, IL 60064.  It has obtained a commitment from the owner of that property to issue a lease to those premises to Jucha if he is able to operate his business there.  However, unless Plaintiff obtains a license from the City to operate a Tattoo Studio, or alternatively, an injunction from this Court allowing it to operate such a Tattoo Studio at that location, the landlord will have no alternative but to lease the premises to another tenant.  The landlord has informed Jucha that it cannot hold those premises open for it indefinitely.

7.     Jucha's business, 4 Anchors Tattoo, will engage in providing the above specified materials which incorporate the expressive communication of messages protected by the First Amendment to the United States Constitution.

8.     The City's Zoning Ordinance does not allow body art establishments, so the only way Jucha could open and operate a body art establishment is to apply for, and receive, a Special Use Permit from the City's City Council.

9.     Jucha applied to the City for the Special Use Permit to operate a body art establishment at his desired location, but on October 21, 2013, the City Council of the City of North Chicago, by Council Members Torrance Markham and Kathy January, tabled Jucha's application for a Special Use Permit indefinitely, which denied Jucha the ability to operate 4 Anchors Tattoo within the City's municipal limits.  Jucha learned the reason behind the failure to grant the Special Use Permit was because this was "not the kind of business" they want in the City.

3

10.     The tabling of Jucha's application immediately followed the failure of a motion, by a 5-2 vote, to amend the Zoning Ordinance to allow body art establishments.  The purpose of the Zoning Ordinance Amendment was ostensibly for the purpose of creating a Special Use Permit for Jucha.

11.     But for the City's prohibitions, Jucha would open and operate a body art studio for the exercise of First Amendment protected speech and expression. Jucha fears that should he operate 4 Anchors Tattoo notwithstanding the refusal of the City to issue a business license, he will be subjected to criminal or civil prosecution by City.

12.     There was no public hearing held pursuant to Jucha's request for a Special Use Permit where there was there any substantial competent evidence of local data, or any data, evidence, or testimony whatsoever, sufficiently introduced by the City to indicate that the operation of a body art establishment will have any negative impact arising from its use.

13.     No substantial and competent evidence was submitted to the City Council to substantiate the refusal to allow Jucha to open and operate 4 Anchors Tattoo within the City's municipal limits.

14.     Jucha and his customers have a clear legal right to the use and operation of his business and the presentation of the above described materials without interference by the City, its agents, servants or employees. Such lawful use may be denied only after Plaintiff has been afforded due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and

4

Jucha has been denied due process of law by the *de facto* prior restraint on Jucha's and his customers' First Amendment protected form of expression.

15.     Jucha will be prevented from operating his business and participating in the First Amendment speech and expression at the subject business location, thus causing Jucha the deprivation of constitutional rights, severe financial hardship, as well as other forms of irreparable harm.  Unless Jucha is able to demonstrate that it has a right to operate its business at the location it has selected, it will lose its opportunity to do so at that location.  Further, should Jucha commence operations without obtaining a license from the City, he will be threatened with prosecution for doing so without the license required by the City.

16.     Jucha and his customers have no adequate remedy at law.  No amount of money damages could adequately compensate Jucha for the irreparable harm described herein, specifically the deprivation of constitutionally protected rights.

17.     The public interest would best be served by the granting of injunctive relief, and, indeed, the public interest is violated by permitting the enforcement of an invalid ordinance which interferes with and restrains Jucha's and his customers' First Amendment freedoms.

18.     The acts, practices and jurisdiction of the City as set forth herein, were and are being performed under color of state law and therefore constitute state action within the meaning of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

19. As a direct and proximate result of the acts, practices, and customs of the City, Jucha is suffering actual, consequential, and other damages, in addition to the irreparable harm described herein.

## CONSTITUTIONAL PROVISIONS

20. The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; **or abridging the freedom of speech**, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. II (emphasis added).

21. Section 1 of the Fourteenth Amendment provides, in relevant part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; **nor deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## COUNT I – VIOLATION OF RIGHT TO FREEDOMS OF SPEECH AND EXPRESSION
### (U.S. CONST. AMENDS. I AND XIV; 42 U.S.C. § 1983)

22. Jucha incorporates and realleges Paragraphs 1 through 21, above, as if fully restated herein.

23. The City's blanket refusal to allow Jucha to open his body art establishment, on its face and as applied, violates the Plaintiff's individual right to freedoms of speech and expression, as well as his would-be customers' rights to free

6

speech and expression, as secured by the First Amendment to the United States Constitution.

## COUNT II – VIOLATION OF EQUAL PROTECTION
## (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

24.　Plaintiff incorporates and realleges Paragraphs 1 through 23, above, as if fully restated herein.

25.　The Defendant's arbitrary refusal to allow Jucha to open his 4 Anchors Tattoo body art establishment, while allowing a different such establishment to exist because of "grandfathering" reasons, on its face and as applied, is an unconstitutional denial of equal protection of the laws and is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT III – VIOLATION OF ILLINOIS CONSTITUTION
## (ARTICLE I, §§ 2, 4; ARTICLE VII, § 7)

26.　Plaintiff realleges and incorporates herein paragraphs 1 through 25 as if fully restated herein.

27.　City's arbitrary refusal to allow Jucha to open and operate 4 Anchors Tattoo, a body art establishment, violates the rights guaranteed Jucha, and his customers, by the Illinois Constitution, on its face and as applied, as an unlawful exercise of the City's police power, in that there is no substantial relationship to the protection of the public health and welfare or any other compelling governmental interest, which would justify denying Jucha or his customers' his equal protection or

their free speech rights to operate a body art establishment within the City's

municipal limits, which rights they enjoy under the Illinois Constitution.

## FOR ALL COUNTS

28.     Jucha incorporates and realleges Paragraphs 1 through 27, above, as if

fully repeated herein.

29.     A controversy exists as to whether the City's denial of Jucha's request

for a business license for a body art establishment is unconstitutional.

30.     A declaration from this Court would settle this issue.

31.     A declaration would also serve a useful purpose in clarifying the legal

issues in dispute.

32.     Jucha seeks a declaration that (A.) the City's ban on body art

establishments is unconstitutional, and (B.) the City's denial of Jucha's request for

a business license for a body art establishment is unconstitutional.

33.     In the absence of an injunction, the denial of Jucha's request for a

business license to open and operate a body art establishment will continue to be

enforced and would prevent Jucha from opening and operating said body art

establishment.

34.     Jucha will continue to suffer irreparable injury if the Court does not

issue an injunction.

35.     There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Jucha to open and operate a body art establishment within the City's municipal limits.


## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, JEFF JUCHA d/b/a FOUR ANCHORS TATTOO,  respectfully requests this Honorable Court to grant Plaintiff the following relief:

A.     Declare the City's refusal to allow Jucha to operate his lawful business within the City's municipal limits to be violative of the aforementioned federal constitutional and statutory provisions.

B.     Issue a Temporary Restraining Order (A.) preventing City from enforcing its Zoning Ordinance banning body art establishments against Plaintiff and/or (B.) preventing City from arbitrarily denying Jucha's request for a Special Use Permit to open and operate a body art establishment, and after hearing, preliminarily and permanently enjoin City from applying and enforcing the challenged provisions of the challenged legislation, in whole or in part, against Jucha.

C.     Award Jucha any and all attorney's fees under 42 U.S.C § 1988, and costs as authorized by law;

D.   Award any and all damages proximately caused by the actions of the City as described herein, including but not limited to lost income;

E.   Grant Jucha any and all further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY PURSUANT TO F.R.CIV.P. 38(b).**

Dated: December 3, 2013                    Respectfully submitted,

                                           _____/s/ David G. Sigale_____
                                           Attorney for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

## DECLARATION
(28 U.S.C. § 1746)

I, Jeffrey Jucha, do declare as follows:

1.      I am the Plaintiff herein and sole proprietor of Four Anchors Tattoo.

2.      I have read the foregoing Complaint, and all of the facts alleged in the Complaint are true and correct.

3      I declare, under penalty of perjury, that the foregoing allegations are true and correct.

4.      I have executed this Declaration on December 3, 2013.

_____
Jeffrey Jucha